IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

LAURIE RAE ADAMS                              3:10-CV-1463-MA

        Plaintiff,                     OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

MERRILL SCHNEIDER
Schneider Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 225-9092

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

FRANCO L. BECIA
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-2114

        Attorneys for Defendant

1 -- OPINION AND ORDER

MARSH, Judge.

Plaintiff seeks judicial review of the Commissioner's September 29, 2010, final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83(f), and an order remanding this matter to the Commissioner for further proceedings.

For the reasons below, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) to allow the Commissioner to obtain clarifying testimony from a vocational expert as to whether there are jobs available in the national economy that plaintiff is able to perform if she is limited to simple 1-2 step tasks.

## BACKGROUND

On July 1, 2008, plaintiff applied for SSI, claiming disability because of Attention Deficit Hyperactivity Disorder (ADHD) since May 1, 2008. She has no relevant work history.

On January 28, 2010, plaintiff and a vocational expert (VE) testified in a hearing before an administrative law judge (ALJ).

On March 25, 2010, the ALJ found plaintiff is able to perform medium unskilled jobs such as Sweeper and/or Hand Packer, which are available in Oregon and in the national economy.

On September 29, 2010, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

2 - OPINION AND ORDER

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a plaintiff is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive. The ALJ made the following findings:

Step One - plaintiff has not engaged in substantial gainful activity since she applied for benefits on June 30, 2008;

Step Two - plaintiff has severe impairments related to a major depressive disorder, post-traumatic stress disorder (PTSD), and substance abuse. 20 C.F.R. § 416.920(c);

Step Three - plaintiff's impairments or combination of impairments do not meet or medically equal a listed impairment. 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. Plaintiff retains the residual functional capacity to perform the full range of work at all exertional levels, as long as it is limited to simple 1-2 step commands and tasks with no public contact and only occasional interaction with co-workers;

Step Four - plaintiff has no past relevant work history.

Step Five - based on the above findings, plaintiff is not disabled and, therefore, is not entitled to SSI.

## LEGAL STANDARDS

The plaintiff has the initial burden to prove she is disabled. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner's final decision must be affirmed if it is based on proper legal standards and the ALJ's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all the evidence whether it supports or detracts from the Commissioner's final decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The court must uphold the decision, however, even if it concludes that evidence "is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

Plaintiff asserts the ALJ (1) improperly relied on VE testimony that deviated from the Dictionary of Occupational Titles (DOT), (2) improperly rejected the opinion of examining psychologist Molly McKenna, Ph.D., and (3) improperly rejected the opinion of consulting psychologist Bill Hennings, Ph.D.

## RELEVANT EVIDENCE

The relevant Administrative Record includes the hearing testimony, plaintiff's work and earnings history reports, a lay witness function report, and relevant medical records.

**Plaintiff's Evidence**.

On the hearing date, plaintiff was 49 years old.

Plaintiff states she was repeatedly raped by her brother when she was a child and although her mother was aware of it, she did nothing about it.

Plaintiff completed the 6th grade, primarily in special education classes, but was later "kicked out" for being disruptive. Thereafter, she was home-schooled. She ultimately earned a GED Certificate and is able to read but does not understand what she is reading. She is also able to add and subtract. She has difficulty writing.

At age 12, plaintiff was placed in foster care because her mother was unable to control her. She was then home-schooled by her foster mother.

Plaintiff was married for twelve years to a truck driver who was always gone. The marriage ended in 1996.

In 1998 or 1999, plaintiff attempted suicide because she was afraid she was going to jail for identity theft. For about five years, plaintiff was "shooting" methamphetamine every day and acting "stupidly crazy." She states she went to prison but "took the fall for [her] brother." She acknowledges, however, her time in prison was "the best 13 months of [her] life" because it "straightened [her] out."

Plaintiff now lives in a "clean and sober" apartment complex and is kept "on the straight and narrow." She attends regular group meetings and has organized social activities. She attends classes at Portland Community College and meets with a case manager every week.

**Vocational Expert Evidence.**

Vocational Expert (VE) Paul Morrison reviewed plaintiff's file and testified that plaintiff has no relevant employment history in the past 15 years.

The VE testified that, assuming plaintiff has no exertional limitations, she would be able to perform jobs involving simple one-two step commands and tasks, with no public contact and only occasional co-worker interaction. With those limitations, she is capable of doing medium exertion level unskilled work as a sweeper and/or hand packer. If she missed or was late 2-3 days a month, however, she would be unable to sustain that employment.

**Relevant Medical Evidence - Treatment.**

Behavioral HealthCare, Inc.

Beginning in April 2003, plaintiff received group counseling for substance abuse, mostly related to marijuana, and psychiatric symptoms. She was depressed at the time and her attendance was sporadic. She had difficulty staying sober.

<u>Coffee Creek Correctional Center</u>

In July 2005, plaintiff was depressed but her memory and ability to concentrate were good. She was diagnosed with Major Depressive Disorder, ADHD by history, and poly-substance abuse.

In April 2006, plaintiff reported she was "doing fine" and was responding well to medication.

<u>Multnomah County Health Department</u>

From April 2008 to June 2009, plaintiff was treated for symptoms related to Hepatitis C. During the course of that treatment, she complained she had difficulty sitting still, was forgetful, lost things frequently, and found it "very difficult to pay attention and focus on conversations." She had previously been prescribed Strattera to treat ADHD but she described the medication as "horrible."

As of June 2009, plaintiff's irritability and mood swings had improved "a little bit" and she was getting angry only every other day instead of every day. She was again diagnosed with Depressive Disorder.

<u>North Portland Primary Care Clinic</u>.

In November 2008, plaintiff complained of depression and feeling overwhelmed. She had previously decided not to take prescribed anti-seizure medication because she was concerned over the side effects.

8 - OPINION AND ORDER

**Medical Evidence- Examination.**

James B. Powell, Psy.D. - Psychologist.

In November 1999, Dr. Powell performed a psychological evaluation of plaintiff on behalf of Portland Disability Services. Plaintiff's IQ was below average in the range of 73-77. He diagnosed Personality Disorder NOS with borderline and dependent features. Her GAF score was 50, i.e., a serious impairment in social, occupational, and school functioning. He noted an MMPI assessment of plaintiff was not valid because of plaintiff's "marked tendency to endorse negative items across a broad range of medical pathology." He opined plaintiff's ability to maintain employment was "good" if she complied with mental health treatment recommendations and psychiatric consultation, and obtained further drug and alcohol counseling.

David Gostnell, Ph.D. - Clinical Neuropsychologist.

In July 2006, Dr. Gostnell examined plaintiff on behalf of Disability Determination Services (DDS). Plaintiff was generally cooperative during the examination and her thought process was logical but simplistic. She focused on her low self-worth and inability to cope with life. She showed difficulty concentrating and retaining/implementing simple three-step instructions, but she was socially appropriate.

Dr. Gostnell diagnosed Major Depressive Disorder - Moderate, and a history of ADHD.

### Molly C. McKenna, Ph.D. - Psychologist.

In August 2008, Dr. McKenna also examined plaintiff on behalf of DDS. Plaintiff's behavior was appropriate during the examination but her mood was restricted and depressed. Plaintiff reported she had been "consistently depressed" for two years.

Dr. McKenna diagnosed Major Depressive Disorder, Recurrent, Severe, with Psychotic Features, Post-Traumatic Stress Disorder (PTSD), and borderline personality traits. She recommended a psychiatric and counseling evaluation, with a focus on helping plaintiff manage her anger.

Dr. McKenna opined plaintiff's psychological symptoms strongly impact her overall function, causing "limited memory, variable attention and concentration, and poor calculation skills." She also opined "barriers" to plaintiff's ability to sustain full-time employment are "ongoing depressive symptoms, interpersonal difficulties, trouble managing her anger, rapid mood swings, and difficulty managing activities of daily living independently."

## Psychological Consultation.

### Robert C. Henry, Ph.D. - Psychologist.

In January 2006, Dr. Henry assessed plaintiff's mental functional capacity and opined plaintiff suffers from ADHD and depression and is moderately impaired in her ability to understand, remember, and carry out detailed instructions. She

is able to perform simple 1-2 step operations. She should have limited public contact. She has mild restrictions in daily living activities and moderate difficulty maintaining social functioning, concentration, persistence and pace.

Bill Hennings, Ph.D. - Psychologist.

In August 2008, Dr. Hennings opined plaintiff is moderately limited in her ability to understand, remember, and carry out detailed instructions, to sustain an ordinary routine without special supervision, to interact appropriately with the general public, to get along with co-workers, or to set realistic goals or make plans independently of others. She is able to remember and carry out only simple one-two step commands.

Dr. Hennings opined plaintiff's allegations were "partially credible . . . but fully disabling severity is not supported by objective findings."

Joshua Boyd, Ph.D. - Psychologist.

In December, 2008, Dr. Boyd reviewed the psychological reports of Dr. Gostnell and Dr. Hennings and agreed with them.

## DISCUSSION

**VE Testimony.**

Plaintiff contends the VE erred in opining that plaintiff could perform the tasks of sweeper and hand packer even though she is limited to performing jobs involving simple one-two step commands, as found by the ALJ at Step Three of her analysis.

11 - OPINION AND ORDER

That limitation describes jobs requiring <u>level one reasoning</u>, *i.e.*, the ability to "apply commonsense understanding to carry out simple one- or two-step instructions." <u>Dictionary of Occupational Titles (DOT)</u>, WL DICOT, Appendix C.

The VE, however, described the jobs of sweeper and hand packer as requiring <u>level two reasoning</u>, *i.e.*, unskilled work requiring little or no judgment. <u>See</u> DOT, §7 and §9. Based on that testimony, the ALJ found plaintiff was able to perform the jobs of sweeper and hand packer. In making that finding, the ALJ did not inquire of the VE or address the fact that no medical evidence in the record supports a finding that plaintiff is capable of performing work requiring more than <u>level one reasoning</u>.

The Ninth Circuit has not addressed whether a claimant who is limited to level one reasoning involving simple 1-2 steps may be found not disabled because of the availability of jobs involving at least level two reasoning, such as sweeper and hand packer. Courts in this district, however have addressed the issue. *See* <u>Burnsides v. Astrue</u>, 09-CV-6160-BR, at 13-14 (D. Or., Jul. 8, 2010), <u>citing James v. Astrue</u>, 07-CV-6350-HA (D. Or. Nov. 17, 2008). They support plaintiff's argument that the ALJ may not rely on a VE's opinion as to a claimant's ability to perform work that deviates from DOT requirements unless the ALJ explains why such a deviation is appropriate in that particular case.

12 - OPINION AND ORDER

On this record, the court concludes the ALJ erred when she accepted the VE's opinion regarding the jobs plaintiff was able to perform without inquiring of the VE as to his reasoning for deviating from the specific, relevant DOT standards.

**Examining Psychologist Molly McKenna, Ph.D.**

Plaintiff contends the ALJ improperly rejected the opinion of examining psychologist Molly McKenna, Ph.D. that plaintiff's "ongoing depressive symptoms, interpersonal difficulties, trouble managing her anger, rapid mood swings, and difficulty managing activities of daily living independently" are barriers to her ability to maintain full-time employment.

The ALJ may only reject the uncontradicted opinion of a treating or examining physician for clear and convincing reasons. Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ gave "little weight" to Dr. McKenna's opinion because it was inconsistent with plaintiff's daily living activities, which include the ability to list and plan the things she needs to do on a daily basis, as well as the physical ability to ride her bike, shop in stores, and do her laundry.

The court agrees with the Commissioner that the ALJ gave specific and legitimate reasons for not crediting Dr. McKenna's opinion regarding plaintiff's ability to engage in substantial gainful activity.

**Consulting Psychologist Bill Hennings, Ph.D.**

The ALJ accepted Dr. Henning's opinion that plaintiff was limited to jobs that involve simple one-two step commands, but did not include in the hypothetical to the VE Dr. Henning's opinion as to plaintiff's need for supportive supervision and help in setting vocational goals and making plans.

As set forth above, the primary issue in this matter is the ALJ's failure to clarify from the VE why plaintiff was able to perform the jobs of sweeper and hand packer in the light of medical evidence that supports a finding that plaintiff is only able to perform work involving Level 1 reasoning involving simple 1-2 step tasks.

The court concludes the ALJ appropriately considered and incorporated the limitations stated by Dr. Hennings in his consultation report.

## REMAND

The issue is whether, in light of the ALJ's error in failing to clarify the VE testimony regarding the availability of jobs, and the nature of those jobs, in light of plaintiff's limitation to level one reasoning involving simple 1-2 steps, this matter

14 - OPINION AND ORDER

should be remanded for further proceedings. Plaintiff does not ask the court to award benefits at this stage of the proceedings.

On this record, the court concludes a remand for further proceedings is appropriate to afford the VE an opportunity to clarify his opinion regarding the availability of jobs that take into consideration plaintiff's level one reasoning capability.

## CONCLUSION

For these reasons, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings, as set forth above.

IT IS SO ORDERED.

DATED this 10 day of Jan, 2012.

*/s/ Malcolm F. Marsh*
MALCOLM F. MARSH
United States District Judge